**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| WILSON CASTILLO,<br><br>　　　　Plaintiff,<br>v.<br><br>UNITED DOLLAR, INC. and<br>SANA S. NEYAZI,<br><br>　　　　Defendants. | CIVIL ACTION NO.<br>_____<br><br>**FLSA COMPLAINT** |

**INTRODUCTION AND NATURE OF THE COMPLAINT**

1.　This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216(b), to recover unpaid overtime wages owed to Plaintiff who was formerly employed by United Dollar, Inc. and Sana S. Neyazi (hereinafter referred to individually as "United Dollar" and "Neyazi" or collectively as "Defendants").

2.　During the three-year period preceding the filing of this complaint, Plaintiff Wilson Castillo alleges he is entitled to recover overtime wages, minimum wages, liquidated damages, interest, and reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over the claims herein pursuant to the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. §1331 and 1337.

4. Plaintiff's claims involve matters of national or interstate interest.

5. Venue is proper in this district and in this division pursuant to 28 U.S.C. § 1391 because Defendant United Dollar's headquarters is located in Buford, Georgia and Defendant Neyazi is a resident of Buford Georgia.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7. Plaintiff Wilson Castillo ("Castillo") is an adult residing in Decatur, Georgia.

8. Plaintiff consents to be a party to this action pursuant to 29 U.S.C. § 216(b).

9. For the period dating three years prior to the date of this lawsuit through April 6, 2016, Castillo was an employee of Defendants within the meaning of the FLSA. Castillo was denied overtime wages for hours that he worked in excess of forty hours per week.

10. Defendant United Dollar is a Georgia for-profit corporation with its

-3-

principal place of business located at 4823 Rockbridge Rd SW, Stone Mountain, Georgia 30083. Defendant United Dollar can be served with a summons and copy of this Complaint by delivery process to its registered agent Shams S. Neyazi, 2658 Bridle Ridge Way, Buford, Georgia 30519 in Gwinnett County.

11. Defendant Sana S. Neyazi is the owner and Chief Executive Officer of Defendant United Dollar. Neyazi controlled the policies and procedures of the company and set corporate rules related to employment of individuals, hours worked and compensation for employment. Defendant Sana S. Neyazi can be served with a summons and copy of this Complaint by delivery process to Sana S. Neyazi, 2658 Bridle Ridge Way, Buford, Georgia 30519 in Gwinnett County.

12. At all times relevant hereto, Defendant United Dollar was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and (s).

13. At all times relevant hereto Defendant Neyazi owned and operated an enterprise covered by the FLSA, as defined by 29 U.S.C. § 203(r) and (s).

14. At all times relevant hereto, Defendants were "employer[s]" as defined by 29 U.S.C. § 203(d).

15. Upon information and belief, Defendants' annual gross volume of sales made or business done is not less than $500,000.00.

16. Defendants have at all times relevant to this Complaint, operated in

interstate commerce, including, engaging in interstate commercial transactions and interstate travel in the sale and delivery of goods to customers, and in the hiring and employment of individuals across state lines.

## FACTS

17. Plaintiff re-alleges and incorporates by reference the preceding paragraphs.

18. During the three years prior to the date of filing this Complaint up until his date of termination, Defendants employed Plaintiff as a sales clerk. His duties involved stocking of shelves, cash register operation, opening and closing the retail establishment and other duties. Castillo's job was not exempt from the overtime and minimum wage payment requirements of the FLSA.

19. United Dollar is a retail store located in Stone Mountain Georgia, and is physically located in a shopping center with other retail stores operating in interstate commerce.

20. As a sales clerk, Defendants directed Plaintiff to perform services to its customers, who were shoppers at United Dollar and other stores within the same shopping center.

21. Consistent with Defendants' policy, pattern, and/or practice, Plaintiff regularly worked in excess of forty hours per workweek without being paid

-5-

overtime wages, in violation of the FLSA.

22. Plaintiff was regularly assigned to work from opening to closing at the United Dollar store, 9:00 A.M. to 9:00 P.M., typically six days a week.

23. Plaintiff regularly worked 72 hours per workweek, 12 hours a day, six days per week.

24. Defendants assigned all of the work that Castillo performed, and/or has been aware of it. United Dollar used a time card machine to record hours worked. The exact number of hours worked per week can be ascertained from Defendants' records.

25. Plaintiff routinely worked in excess of 40 hours per week.

26. Defendants paid Plaintiff a fixed weekly cash payment of three hundred twenty-five ($325.00) dollars per week. Defendants made the same cash payment to Plaintiff without regard to the actual number of hours worked in the workweek.

27. Defendants failed to pay Plaintiff overtime wages at a rate of one and one-half times his regular rate when he worked more than forty hours in a workweek. Plaintiff's pay remained the same in any workweek that he worked more than forty hours.

28. Plaintiff's regular rate can be determined by dividing the weekly pay

provided to him by the number of hours worked in that workweek. In each workweek, Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty.

29. During all relevant times from the period three years from the date of filing of this lawsuit through his last day of employment, Defendants controlled Plaintiff's employment in all of the following ways:

    a. Plaintiff could not negotiate the amount he was paid by Defendants;

    b. Plaintiff could not negotiate the job duties or responsibilities he was required to perform for Defendants;

    c. Defendants dictated the price it would charge the customers, and Plaintiff's compensation did not depend on the amount of sales made to customers or any other independent exercise of discretion or judgment;

    d. Defendants did not permit Plaintiff to hire other workers to assist him with his work;

    e. Defendants did not permit Plaintiff to work for other companies; and

    f. Defendants did not permit Plaintiff to hire or fire other employees,

nor to exercise any managerial control over any other employees.

30. As part of its regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a policy, pattern, and/or practice of violating the FLSA with respect to Plaintiff. This policy and pattern or practice includes, but it is not limited to willfully failing to pay Plaintiff overtime wages for hours that he worked in excess of 40 hours per work week.

31. Plaintiff is a victim of the Defendants' common policy and/or plan to violate the FLSA by (1) failing to pay all earned wages; (2) failing to provide any wages for "off the clock" work; and (3) failing to provide overtime wages for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

32. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff.

33. Defendants operated a common scheme to pay exempt employees similarly situated to Plaintiff a fixed cash rate regardless of the number of overtime hours worked. Similarly-situated employees to Plaintiff were compensated in the same illegal manner as Plaintiff.

34. To the extent any similarly situated Plaintiff elects to opt-in to this Action, the Defendants common scheme and violations of the FLSA make joinder of such individuals proper under 29 U.S.C. § 216(b).

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS: <br> FLSA OVERTIME COMPENSATION

35. Plaintiff re-alleges and incorporates by reference all prior paragraphs as if they were set forth again herein.

36. At all relevant times and continuing to the present time, Defendants' fixed rate compensation system did not fully compensate Plaintiff for all his hours worked in excess of forty (40) hours per week as required by Section 207 of the FLSA.

37. As a result of Defendants' FLSA violations, Defendants are jointly and severally liable to Plaintiff for unpaid overtime compensation in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, seek an order or orders providing the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

b. A finding that Defendants' violation of the FLSA was willful and imposing a three-year statute of limitations period for FLSA claims;

c. An award of unpaid overtime compensation;

    d.    An award in the amount equal to unpaid overtime compensation as liquidated damages;

    e.    An award of pre-judgment and post-judgment interest;

    f.    An award of reasonable attorneys' fees and costs; and

    g.    Other relief as this Court shall deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Respectfully Submitted: November 1, 2016.

                                              By:   */s/ Randall D. Grayson*
                                                        Randall D. Grayson
                                                        Georgia Bar No. 306560

DELCAMPO & GRAYSON LLC
5455 Chamblee Dunwoody Road
Dunwoody, GA 30338
Telephone: (770) 481-0444
Facsimile:   (770) 395-0806
rgrayson@dcglawfirm.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D of the Local Rules for the United States District Court for the Northern District of Georgia, I hereby certify that the foregoing has been prepared in Times New Roman, 14 point font, as required by Local Rule 5.1.

Respectfully Submitted:  November 1, 2016.

By:   */s/ Randall D. Grayson*
Randall D. Grayson
Georgia Bar No. 306560

DELCAMPO & GRAYSON LLC
5455 Chamblee Dunwoody Road
Dunwoody, GA 30338
Telephone: (770) 481-0444
Facsimile:   (770) 395-0806
rgrayson@dcglawfirm.com

*Attorneys for Plaintiff*