## **GENERAL RELEASE**

This General Release Agreement (the "Agreement") is made and entered between the following parties: (1) Wilson Castillo, (2) United Dollar, Inc. and (4) Shams S. Neyazi.

**1.     Release**

In consideration of the payment described in Section 3, the receipt and sufficiency of which is hereby acknowledged, Wilson Castillo (hereinafter referred to as "Plaintiff") does hereby release, remise, and forever discharge United Dollar, Inc. and Shams S. Neyazi, and their agents, employees, officers, directors, shareholders, parent corporations, partners, heirs, successors, insurers, and assigns (hereinafter referred to as "Releasees") from any and all claims arising out of his employment with United Dollar, Inc. asserted, or which could have been asserted, as related to or a result of the events referenced or which could have been referenced in the Complaint in the matter styled Wilson Castillo v. United Dollar, Inc. and Shams S. Neyazi, Civil Action No. 1:16-CV-04078-ELP, pending in the United States District Court for the Northern District of Georgia, (the "Lawsuit") and any and all claims or causes of action whatsoever, in any venue and or to any agency, entity, or regulatory body, that Plaintiff may have arising out of his employment against Releasees up through and including the date of execution of this Agreement. Plaintiff expressly releases all claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, including any claims for overtime wages, liquidated damages, or attorneys' fees and costs. This Agreement covers all potential actions, causes of action, claims and demands of Plaintiff against Releasees related to his employment with United Dollar, Inc., known or unknown, as now appearing or as may appear at any time in the future, which accrued up through and including the date of execution of this Agreement.

**2.     Nature of Agreement**

It is agreed and acknowledged that payment under the terms of this Agreement is not an admission of liability but that said payment is in compromise and settlement of claims which are denied and disputed by said Releasees; that this Agreement is being given voluntarily and not based on any representations or statement of any kind made by any party or their representatives, as to the merits, legal liability, or value of the potential claims or any other matter relating thereto.

It is agreed and acknowledged that, while the Releasees dispute this claim and pay the consideration only to buy their peace and to avoid litigation, Plaintiff disputes that he has been fully compensated. Although Plaintiff disputes that he has been fully compensated for non-economic losses, Plaintiff acknowledges that this Agreement constitutes a full and complete release of any and all claims of any kind or nature.

**3.     Payment**

In exchange for the release set forth above and the other consideration provided herein by Plaintiff, Releasees to make total payments of Seventeen Thousand Five Hundred Dollars ($17,500) to Plaintiff according to the terms set forth herein, with each payment made payable to "Wilson Castillo and DelCampo & Grayson LLC IOLTA" and delivered timely to DelCampo & Grayson LLC, 5455 Peachtree Dunwoody Road, Atlanta, Georgia 30338.

*EXHIBIT 1*

a. Initial payment of $10,000 to be made within five (5) days of the execution of this Agreement.

b. Twelve (12) monthly installment payments of $625 each (for a total of $7,500) made on the first of each month following the date of the initial payment in subsection (a) above. These payments shall be subject to and in conformance with the Promissory Note executed by United Dollar, Inc. and Shams S. Neyazi, incorporated herein.

### 4. Representation of Comprehensive Nature of Agreement

In entering into this Agreement, Plaintiff represents that he has relied upon the advice of his attorneys, who are the attorneys of his own choice, concerning the legal and income tax consequences of this Agreement; that the terms of this Agreement have been completely read and explained to Plaintiff by his attorneys; and that the terms of this Agreement are fully understood and voluntarily accepted by Plaintiff.

### 5. Warranty of Capacity to Execute Agreement

Plaintiff represents and warrants that no other person or entity has, or has had, any interest in the claims, demands, obligations, or causes or action referred to in or released by this Agreement, except as otherwise set forth herein; that Plaintiff has the sole right and exclusive authority to execute this Agreement and receive the sums specified in it; and that Plaintiff has not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Agreement. The Releasees represent and warrant that they have the right and authority, including any required corporate resolutions or approvals necessary to execute this Agreement and to pay the sums specified herein, and further warranty and represent that this Agreement shall be binding upon and enforceable against any successor or assignee of United Dollar, Inc.

### 6. Additional Documents

To fulfill the terms of this Agreement, all parties agree that upon the execution of this Agreement and the payment of the initial payment described in Section 3(a) above, to file a Joint Motion to Stay Proceedings in the Lawsuit, in a form agreeable to all parties. Upon the completion of all payments described in Section 3(b), the parties shall file a Joint Motion to Approve Settlement, as required by the FLSA which shall include this Agreement as an exhibit to the Motion. Upon approval of the settlement, Plaintiff will file a Stipulation of Dismissal of the Lawsuit. All parties agree to cooperate fully and execute any and all supplementary documents and to take all additional actions that may be necessary or appropriate to give full force and effect to the terms and intent of this Agreement, including modifying the Agreement to the extent necessary or mandated by the Court in the Lawsuit to obtain approval of the Agreement.

### 7. Entire Agreement and Successors in Interest

This Agreement, together with the Promissory Note which is incorporated herein by reference, contains the entire Agreement between Plaintiff and Releasees with regard to the matters set forth herein and shall be binding upon and inure to the benefit of the

executors, administrators, personal representatives, heirs, successors and assigns of each.

### 8. Effectiveness

If any of this Agreement is held by any court of competent jurisdiction to be invalid or otherwise unenforceable, in whole or in part, the remainder of the enforceable parts of this Agreement shall not be affected thereby and shall be enforced to the full extent permitted by law. In the event the court in the Lawsuit does not approve of this Agreement as full settlement of the FLSA claims in the Lawsuit, said court shall have the power and authority to reform any such terms as may be necessary for the court to approve the Agreement.

### 9. Breach of Agreement

The general release of claims herein shall not prohibit a party from bringing a claim in a court of competent jurisdiction arising out of a breach of this Agreement or a breach of the Promissory Note incorporated herein. In the event the Releasees breach a term of this Agreement, Plaintiff shall be entitled to, but not limited to, the foregoing remedies. Plaintiff shall be entitled to file with the United States District Court referenced above a Confession of Judgment in the form attached hereto, for any amount outstanding at the time of such breach. Plaintiff shall be entitled to an award of attorneys' fees and costs incurred in any action brought to remedy a breach of this Agreement or the Promissory Note. The foregoing remedies are cumulative and not exclusive and are provided without limitation of Plaintiff's rights to pursue all appropriate equitable and legal remedies arising out of any breach of this Agreement.

### 10. Governing Law

This Agreement shall be construed and interpreted consistent with Georgia law or as necessary, applicable federal law with respect to the terms herein.

**PLAINTIFF:**

By: _____
    Wilson Castillo

Date: _____

**DEFENDANTS:**

By: _____
    United Dollar, Inc.

By: _____
    Printed Name and Title

Date: _____

By: _____
Shams S. Neyazi

Date: 8-03-2017